**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**MICHAEL L. WILSON**,

                          Plaintiff,

- v -                                      Civ. No. 9:11-CV-030
                                                      (MAD/RFT)

**NICHOLAS DELUCA**, *Sergeant, Great Meadow Correctional Facility*, **RICHARD VLADYKA**, *Sergeant, Great Meadow Correctional Facility,*

                          Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

**MICHAEL L. WILSON**
Plaintiff, *Pro Se*
03-B-0569
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

**HON. ERIC T. SCHNEIDERMAN**                  **CATHY Y. SHEEHAN, ESQ.**
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Michael L. Wilson brings this Complaint, pursuant to 42 U.S.C. § 1983, alleging that Defendants retaliated against him for filing grievances in contravention of the First Amendment. *See generally* Dkt. No. 1, Compl.[1] Defendants move for Summary Judgment, pursuant

---

[1] Plaintiff's Original Complaint included various other claims against these Defendants and others. *See* Compl. However, following an initial review and, later, a ruling on Defendants' Motion to Dismiss, the Honorable Mae A. D'Agostino, United States District Judge, dismissed the other claims and Defendants, leaving only Plaintiff's retaliation claims against Defendants Vladyka and DeLuca. *See generally* Dkt. Nos. 7, Dec. & Ord., dated May 5, 2011, & 32,
(continued...)

to Federal Rule of Civil Procedure 56(c). Dkt. No. 48. Plaintiff opposes the Motion. Dkt. No. 54. For the reasons that follow, we recommend that Defendants' Motion be **DENIED**.

## I. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations

---

[1](...continued)
Mem.-Dec. & Ord., dated Aug. 27, 2012.

of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## II. DISCUSSION

### A. Summary of Facts

The following summary of facts is taken from the Defendants' Statement of Material Facts Pursuant to Rule 7.1(a)(3).[2]

---

[2] Defendants and this Court issued separate Notices to Plaintiff regarding the importance of properly responding to Defendants' 7.1 Statement. Dkt. Nos. 49-1 & 50. Nonetheless, Plaintiff failed to do so; instead, Plaintiff's 7.1 Statement provides a series of purely conclusory denials, unsupported by citations to the record. *See* Dkt. No. 54, Pl.'s
(continued...)

At all times relevant to the claims in his action Plaintiff was an inmate in the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), and resided at the Great Meadow Correctional Facility ("GMCF"). Dkt. No. 49, Defs.' Statement of Material Fact Pursuant to Rule 7.1(a)(3) (hereinafter "Defs.' 7.1 Statement"), at ¶ 1. Plaintiff was a cook during the 2009 Ramadan Holiday. *Id.* at ¶ 2. On July 7 and August 8, 2010, Defendant Vladyka authored internal memoranda to Captain Eastman,[3] requesting that Plaintiff be prevented from serving as a cook during the 2010 Ramadan Holiday because he had threatened Defendant Vladyka and caused unrest and conflict among the food service inmates and line staff the previous year. *Id.* at ¶¶ 3 & 4. On August 3, 2010, the Deputy Superintendents of Programs and Security[4] removed Plaintiff from the 2010 Ramadan cook list; Defendant Vladyka did not have the authority to make such a decision personally. *Id.* at ¶¶ 5–7.

### B. Defendant DeLuca

Defendants argue that Plaintiff's claim against Sgt. DeLuca should be dismissed because Plaintiff failed to establish personal jurisdiction over him. Defs.' Mem. of Law at pp. 8–9. However, because we find that Defendants waived this defense by failing to raise it in their initial 12(b)(6) Motion to Dismiss, we recommend that Defendants' Motion be **DENIED** as to this ground.

A brief recitation of the procedural history in this case is appropriate. On November 28, 2010, Defendant DeLuca retired from DOCCS. Dkt. No. 48-3, Suzann Edwards Aff., dated July 24,

---

[2](...continued)
7.1 Statement; *see also* Dkt. No. 55, Defs.' Reply. Given Plaintiff's lapse, and the fact that doing so does not affect the outcome of this case, we apply Local Rule 7.1(a)(3), and accept as true Defendants' version of the facts as established in their 7.1 Statement. *See Van Loan v. Hartford Acc. & Indem. Co.*, 2006 WL 3782709, at *2–3 (N.D.N.Y. Dec. 22, 2006) (reaching a similar conclusion and citing cases to support that holding).

[3] Captain Eastman is not a named Defendant in this action.

[4] Neither of these officials are named Defendants in this action.

2013, at ¶ 5. Plaintiff filed the Complaint on January 5, 2011. Compl. On May 5, 2011, Judge D'Agostino granted Plaintiff's Motion to Proceed *In Forma Pauperis*, and authorized service of the Complaint. Dkt. No. 7, Dec. & Order. That same day a Summons for Defendant DeLuca was issued, Dkt. No. 8. On June 3, 2011, Deputy Counsel for DOCCS accepted service of the summons addressed to Defendant DeLuca. Dkt. No. 12. On June 9, 2011, Cathy Y. Sheehan, Assistant District Attorney, filed a Notice of Appearance on behalf of all named Defendants, including Defendant DeLuca. Dkt. No. 18. On June 20, Plaintiff wrote to the Court requesting clarification as to whether or not he had properly served all of the Defendants. Dkt. No. 22, Lt., dated June 15, 2011. In response to Plaintiff's letter, on June 20, this Court issued a Text Order advising Plaintiff that "all of the parties in this action have been served and an appearance has been made for all of the defendants." Text Order, dated June 20, 2011.

On September 30, 2011, Defendants moved on behalf of all of the named Defendants, including DeLuca, for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6); however, they failed to raise personal jurisdiction or failure to provide sufficient service of process as grounds for dismissal. *See generally* Dkt. Nos. 25, Defs.' Motion to Dismiss, and 25-1, Defs.' Mem. of Law. On August 27, 2012, Defendants' Motion to Dismiss was granted in part and denied in part, and Defendants DeLuca and Vladyka were ordered to answer Plaintiff's Complaint. Dkt. No. 32, Mem.-Dec. & Ord. at p. 23. On September 9, 2012, Defendants timely filed an Answer, and for the first time, raised lack of personal jurisdiction and insufficient service of process as defenses. Dkt. No. 34, Answer, at ¶ 22. Then on July 29, 2013, Defendants filed the instant Motion, claiming that Plaintiff failed to obtain personal jurisdiction over Defendant DeLuca because he retired from DOCCS five months before Plaintiff served process upon Great Meadow Correctional Facility and

that "[s]ervice upon Mr. DeLuca's former place of employment does not comply with any of the service options permitted by law." Defs.' Mem. of Law at p. 8.

However, by failing to include lack of personal jurisdiction and/or insufficient service of process in their initial Rule 12 Motion to Dismiss, Defendants waived these defenses. *See* FED. R. CIV. P. 12(h)(1) (noting that a party waives certain defenses by failing to include it in a pre-answer motion and/or its answer) & 1966 Advisory Committee's Notes (noting that "specified defenses . . . are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course"); *see also Datskow v. Teledyne, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990) (citing *Burton v. Northern Dutchess Hospital,* 106 F.R.D. 477 (S.D.N.Y. 1985) & *Vozeh v. Good Samaritan Hospital,* 84 F.R.D. 143 (S.D.N.Y. 1979) for the proposition that "[a] delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where, as here, the defense was asserted in a timely answer").

Moreover, even if Defendants have not waived these defenses, they have forfeited the defenses by failing to act promptly in bringing them before the Court. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58 (2d Cir. 1999) (distinguishing between a waiver of an affirmative defense pursuant to Rule 12(h)(1) and a forfeiture of the same, the latter of which was found to apply where the defendant delayed over four years in bringing the affirmative defense of personal jurisdiction before the court all the while it participated in the pre-trial phase of the litigation). Here, Defendants raised the issue of personal jurisdiction for the first time in their Answer on September 9, 2012. However, they did not raise the defense in a motion until July 29, 2013. Defs.' Mem. of Law, at pp. 8–9. Nonetheless, during the more than 320 days between the filing of their Answer and their Motion for

Summary Judgment, Defendants actively participated in all pre-trial phases of the litigation. *See* Dkt. Nos. 35–47.

Finally, whether or not Defendants waived or forfeited these affirmative defenses, they should be estopped from asserting them. Even if unintentional, Defendants actions – *i.e.,* executing and returning the Acknowledgment of Service, and filing a Notice of Appearance and Motion to Dismiss on Defendant DeLuca's behalf, as well as waiting more than two years to notify Plaintiff of his error – justifiably lulled Plaintiff into a reasonable, albeit false, sense of security regarding Defendant DeLuca's appearance in the case. To allow Defendants to assert these defenses now, at such a late juncture, would be severely prejudicial to Plaintiff. We do not believe that the Court should foster such inequity.

Therefore, we recommend that Defendants' Motion be **DENIED** as to this ground.

### C. Defendant Vladyka

Plaintiff alleges that Defendant Vladyka prevented him from serving as a cook during the 2010 Ramadan Holiday in retaliation for grievances he filed against other DOCCS employees. Compl. Defendants argue that they are entitled to Summary Judgment on the grounds that (1) Plaintiff failed to state a cause of action because Defendant Vladyka had a sufficient non-retaliatory justification for recommending that Plaintiff be prevented from participating in the preparation of the 2010 Ramadan meal, and (2) Defendant Vladyka is entitled to qualified immunity. Dkt. No. 48-1, Defs.' Mem. of Law, at pp. 4–8.

#### *1. Retaliation*

To state a First Amendment claim for retaliation, an inmate must demonstrate (1) he or she was engaged in constitutionally protected activity, (2) the defendant took adverse action against the

plaintiff, and (3) there was a causal connection between the protected activity and the adverse action in that the alleged conduct was substantially motivated by the protected activity. *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001); *see also Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002).

The plaintiff bears the initial burden in showing that the defendant's actions were improperly motivated. To satisfy the second prong, a prisoner must present evidence inferring that a defendant acted with an improper motive. Such evidence includes: (1) temporal proximity between the protected activity and the alleged retaliatory act; (2) plaintiff's prior good disciplinary record; (3) plaintiff's vindication at his disciplinary hearing; and (4) defendants' statements regarding their motive for the discipline. *See Colon v. Coughlin*, 58 F.3d at 872-73. A plaintiff may meet this burden by presenting circumstantial evidence of a retaliatory motive, thus obviating the need for direct evidence. *Bennett v. Goord*, 343 F.3d 133, 139 (2d Cir. 2003) (holding that plaintiff met his burden in proving retaliatory motive by presenting circumstantial evidence relating to, *inter alia*, the temporal proximity of allegedly false misbehavior reports and the subsequent reversal of the disciplinary charges on appeal as unfounded). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (citing *Dawes v. Walker*, 239 F.3d at 493). Otherwise, the retaliatory act is "*de minimis* and therefore outside the ambit of constitutional protection." *Dawes v. Walker*, 239 F.3d at 493. Furthermore, in satisfying the causal connection requirement, also known as temporal proximity, the allegations must be "sufficient to support the inference that the speech played a substantial part in the adverse action." *Id*. at 492 (internal quotation marks and citations omitted) (cited in *Davis*,

320 F.3d at 353).

In the instant case, Plaintiff argues that he "filed numerous greivance[s] for various institutional issues against correctional staff at [GMCF] during the time periods between October 2009 and August 2010. Compl. at ¶ 19. Plaintiff further alleges that "Defendant 'Vladyka' on many occasions before removing Plaintiff from his kitchen assignment has made comments about Plaintiff['s] grievances and complaints against correctional staff at [GMCF]." *Id.* at ¶ 20. Plaintiff further claims that Defendant Vladyka removed him from the kitchen Ramadan list in retaliation for having filed grievances and otherwise complaining about events and guards at GMCF. *Id.*

In response to these allegations, Defendants submitted the sworn Affidavit of Defendant Vladyka, wherein he claims, *inter alia*, that: (1) he has been employed at GMCF since 1985, (2) he does not have the authority to remove an inmate from the Ramadan meal preparation list, and (3) he did not request that Plaintiff be removed from the list "in retaliation for his filing of grievances and complaints against staff at [GMCF]." Dkt. No. 48-2, Sgt. Richard Vladyka Aff., dated July 14, 2013, at ¶¶ 1, 6, 11, & 13.

Plaintiff has sufficiently alleged that he was engaged in the protected exercise of filing grievances. Significantly, Defendants do not dispute that Plaintiff filed such grievances. Nor do they dispute Plaintiff's allegation that Defendant Vladyka commented on Plaintiff's grievance activity prior to recommending that he be removed from the list of participants eligible to help prepare the 2010 Ramadan meal.

Moreover, the fact that Defendant Vladyka lacked authority to prevent Plaintiff from participating in the preparation of the 2010 Ramadan meal, does not change our conclusion that his recommendation constituted an adverse action. While a prisoner has no constitutional right to a

particular work assignment, they are provided constitutional protections if otherwise "routine administrative decisions are made in retaliation for the exercise of constitutionally preotected rights." *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)). In this regard, it is worth noting that by his own admission, Defendant Vladyka did more than simply recommend that Plaintiff be prohibited from participating in the preparation of the 2010 Ramadan Holiday meal. Indeed, he claims that "[he] did . . . everything in [his] power to prevent [Wilson] from being allowed to cook for the Holy Month of Ramadan. It is also factual, that I told [Wilson] face to face, that my intentions were to facilitate that prevention." Vladyka Aff., at Ex. A, Mem., dated Aug. 8, 2010.

Defendant Vladyka asserts that he had a non-retaliatory reason for requesting that Plaintiff be prohibited from participating in the preparation of food for the 2010 Ramadan Holiday. Namely, that while a participant in the preparation of food for the 2009 Ramadan Holiday Plaintiff threatened Defendant Vladyka and caused unrest and conflict among the other inmates and cooks. Defs.' Mem. of Law at p. 5.

Where the defendant's actions are the result of both retaliatory and legitimate reasons, the burden shifts to the defendants to show that they would have taken the same action absent the retaliatory motive. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing, *inter alia*, *Mount Healthy Sch. Dist. v. Doyle*, 429 U.S. 274, 287 (1977)); *Lowrance v. Achtyl,* 20 F.3d 529, 535 (2d Cir. 1994) (cited in *Carpio v. Walker*, 1997 WL 642543, at *6 (N.D.N.Y. Oct. 15,1997)). In the instant case, in support of their allegations that Plaintiff threatened Defendant Vladyka and caused unrest and conflict among other inmates in the kitchen during the preparation of the 2009 Ramadan meal, Defendants offer Sgt. Vladyka's inter-departmental memoranda to Captain Eastman requesting

that Plaintiff's privilege be rescinded for the 2010 Ramadan Holiday, as well as his own sworn Affidavit. *See* Defs.' 7.1 Statement at ¶¶ 3–4; *see also* Vladyka Aff. at ¶¶ 11–13.

In response, Plaintiff points out that no disciplinary action was ever filed regarding his behavior during the 2009 Ramadan Holiday, Dkt. No. 54, Pl.'s Mem. of Law, at p. 2. In further support of his claim, Plaintiff provides his own sworn statement that he did not threaten Defendant Vladyka or cause any unrest or conflict during the preparation of the 2009 Ramadan meal, *see* Dkt. No. 54, Michael L. Wilson Aff., dated Aug. 28, 2013, at ¶ 7, and a sworn Declaration from another inmate that participated in the preparation of the 2009 Ramadan meal stating that Plaintiff did not behave "hostile toward staff[,]" *id.* at Ex. G, Paul Thompson Decl., dated Aug. 15, 2013, at ¶ 2.

Any conclusion as to which party's version of events is more credible would require us to make the type of credibility assessment that has been explicitly reserved for the finder of fact, be it the trial judge or a jury. *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). At present, we are only required to note that Plaintiff has successfully raised an issue of material fact regarding whether Defendant Vladyka had a non-retaliatory justification for recommending that Plaintiff be prohibited from participating in preparing the 2010 Ramadan meal. Accordingly we recommend that Defendants' Motion be **DENIED** as to this ground. *See Graham v. Henderson*, 89 F.3d at 80-81 (denying defendants request for summary judgment of plaintiff's retaliation claim, on the grounds that plaintiff's attempt to initiate a work slowdown provided a non-retaliatory justification for taking adverse action, where plaintiff established a triable issue of fact as to whether he did in fact attempt to cause a work slowdown); *cf. Gayle v. Gonyea*, 313 F.3d 677, 684 (2d Cir. 2002) (citing *Hynes v. Squillace*, 143 F.3d 653, 657 (2d Cir. 1998) for the proposition that defendants can meet their burden with regard to proving a non-retaliatory justification for a

particular punishment by demonstrating that plaintiff committed the most serious of the prohibited conduct they were charged with).

### 2. *Qualified Immunity*

The doctrine of qualified immunity shields public officials from suit for conduct undertaken in the course of their duties if it "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Eng v. Coughlin*, 858 F.2d 889, 895 (2d Cir. 1988). A party is entitled to summary judgment on qualified immunity grounds if the court finds that the rights asserted by the plaintiff were not clearly established, or that "no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiff[], could conclude that it was objectively unreasonable for the defendant to believe that he was acting in a fashion that did not clearly violate an established federally protected right." *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir. 1997) (citations omitted).

The Second Circuit has made it clear that an inmate has a substantive due process right not to be subjected to retaliation for the exercise of a constitutional right, such as petitioning the government for redress of grievances. *Jones v. Coughlin,* 45 F.3d 677, 679-80 (2d Cir. 1995); *Franco v. Kelly,* 854 F.2d 584, 589-90 (2d Cir. 1988). Moreover, as noted above, it is unclear whether Defendant Vladyka had a legitimate non-retaliatory justification for requesting Plaintiff be removed from the 2010 Ramadan meal preparation list. Thus, a reasonable jury could conclude that Defendant Vladyka's belief that his actions did not clearly violate an established federally protected right was an objectively unreasonable one.

Therefore, we recommend that Defendants' Motion be **DENIED** as to this ground.

## III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 48) be **DENIED**; and it is further

**ORDERED,** that if the above recommendation is accepted, this case be deemed "trial ready"; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 10, 2014
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge