**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL L. WILSON,**

                       **Plaintiff,**

    vs.                                               9:11-cv-00030
                                                           (MAD/RFT)

**NICHOLAS DELUCA, Sergeant, Great Meadows
Correctional Facility, in his individual and official
capacity; RICHARD VLADYKA, Sergeant, Great
Meadow Correctional Facility, in his individual and
official capacity,**

                         **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**MICHAEL L. WILSON
03-B-0569**
Sing Sing Correctional Facility
 354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **CATHY Y. SHEEHAN, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

       Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Following an initial review and a ruling on Defendants' motion to dismiss, Plaintiff's only remaining claim is that Defendants DeLuca and Vladyka retaliated against him for filing grievances in contravention of the First Amendment. *See* Dkt. Nos. 7, 32.

On July 29, 2013, Defendants moved for summary judgment. *See* Dkt. No. 48. In their motion, Defendants argued that Plaintiff's claim against Defendant DeLuca should be dismissed because Plaintiff failed to establish personal jurisdiction over him. *See* Dkt. No. 48-1 at 10-11. Thereafter, Defendants argued that Plaintiff failed to state a claim against Defendant Vladyka because he had legitimate, non-retaliatory reasons for removing Plaintiff from the 2010 Ramadan meal preparation list, *i.e.*, Plaintiff caused conflict and unrest among the staff during the 2009 Ramadan meal. *See id.* at 6-8. Finally, Defendants argued that Defendant Vladyka is entitled to qualified immunity because "it was objectively reasonable for [him] to believe that he was not violating plaintiff's constitutional rights when he requested that plaintiff not be permitted to participate in the 2010 Ramadan meal preparation because plaintiff threatened [him] during the previous Ramadan meal and caused problems with the food service inmates and the line staff." *See id.* at 10-11.

In a February 10, 2014 Report-Recommendation and Order, Magistrate Judge Treece recommended that the Court deny Defendants' motion in its entirety. *See* Dkt. No. 57. Specifically, Magistrate Judge Treece first found that Defendant DeLuca's personal jurisdiction defense should be deemed waived because Defendants failed to include lack of personal jurisdiction and/or insufficient service of process in their initial Rule 12 motion to dismiss. *See id.* at 5-7. Further, Magistrate Judge Treece found that, in the alternative, Defendants forfeited this defense by failing to act promptly in brining them before the Court, and that they should be estopped from asserting the defense because of their actions. *See id.* at 6-7. As to Defendant Vladyka, Magistrate Judge Treece found that Plaintiff sufficiently alleged that he was engaged in a protected activity and that he was retaliated against, in part, for that activity. *See id.* at 8-10. Further, Magistrate Judge Treece found that, despite the proffered legitimate reason for his

2

actions, Defendant Vladyka failed to establish that he would have taken the same actions against Plaintiff even absent the retaliatory motive. *See id.* at 10-11. For the Court to make such a finding, it would have to weigh the parties' credibility, which is inappropriate at this stage. *See id.* at 11. Finally, Magistrate Judge Treece found that it is unclear whether Defendant Vladyka had a legitimate non-retaliatory justification for requesting Plaintiff be removed from the 2010 Ramadan meal preparation list. *See id.* at 12. As such, he found that qualified immunity is inappropriate at this stage because a reasonable jury could conclude that Defendant Vladyka's belief that his actions did not violate a clearly established federally protected right was an objectively unreasonable one. *See id.* Neither party objected to Magistrate Judge Treece's February 10, 2014 Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial

review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions.

*See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Having carefully reviewed Magistrate Judge Treece's February 10, 2014 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court should deny Defendants' motion for summary judgment.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's February 10, 2014 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 48) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 13, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge