**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL L. WILSON,**

                           **Plaintiff,**

    vs.                                                           9:11-cv-0030
                                                                                   (MAD/RFT)

**NICHOLAS DELUCA, Sergeant, Great Meadow
Correctional Facility, in his individual and official
capacity; RICHARD VLADYKA, Sergeant, Great
Meadow Correctional Facility, in his individual and
official capacity,**

                           **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **TABNER, RYAN AND KENIRY, LLP**<br>18 Corporate Woods Boulevard<br>Suite 8<br>Albany, New York 12211<br>Attorneys for Plaintiff | **DANA L. SALAZAR, ESQ.**<br>**THOMAS R. FALLATI, ESQ.** |
| **OFFICE OF THE NEW YORK<br>STATE ATTORNEY GENERAL**<br>Albany Office<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | **CATHY Y. SHEEHAN, AAG** |

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. *See* Dkt. No. 1. On July 21, 2014, Plaintiff filed a motion *in limine*, claiming that (1) he is entitled to an adverse inference regarding the missing tape

recording; and (2) his criminal history is inadmissable. *See* Dkt. No. 69.

Currently before the Court is Plaintiff's motion *in limine*.

## II. BACKGROUND

The Court assumes the parties' familiarity with the factual background of this case, as detailed in the Court's previous orders from August 27, 2012 (Dkt. No. 32) and March 13, 2014 (Dkt. No. 58), and will discuss only those facts relevant to the disposition of the pending motion.

## III. DISCUSSION

**A.    Standard of review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41–42.

**B.     The Missing Tape**

Plaintiff claims that he is entitled to an adverse inference regarding the tape recording of the hearing held on November 4, 2009, as he was under the impression that Defendants had erased or lost the original tape. *See* Dkt. No. 69 at 2. Plaintiff claims to have a partial transcript of the recording, but not the recording itself. *See id.* On July 30, 2014, Defendants' counsel indicated that, contrary to Plaintiff's beliefs, Defendants are in possession of the tape recording, which is Defendants' trial exhibit five. *See* Dkt. No. 81. In light of Defendants' representations, Plaintiff's motion *in limine* regarding the tape recording is denied without prejudice to renew.

**C.     Plaintiff's Criminal History**

Plaintiff asserts that Defendants should be precluded from introducing any evidence concerning his criminal record. *See* Dkt. No. 69 at 7-9. Plaintiff argues that the prejudicial harm of revealing his criminal history outweighs any probative value that it would provide. *See id.* at 9.     Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must

3

> be admitted if the court can readily determine that establishing the
> elements of the crime required proving – or the witness's admitting
> – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 820, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and . . . theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted).

In the present matter, a review of the New York State Department of Corrections and Community Supervision website reveals that Plaintiff was convicted of second degree murder and first degree rape, and he began serving his prison sentence in March 2003. Under New York law, a person is guilty of murder in the second degree when: (1) "with intent to cause the death

of another person, he causes the death of such person or of a third person;" or (2) "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person[.]" N.Y. Penal Law § 125.25 (McKinney 2006). Moreover, under New York law rape in the first degree is defined as follows:

> A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person:
>
> 1. By forcible compulsion; or
>
> 2. Who is incapable of consent by reason of being physically helpless; or
>
> 3. Who is less than eleven years old; or
>
> 4. Who is less than thirteen years old and the actor is eighteen years old or more.

N.Y. Penal Law § 130.35 (McKinney 2001).

Considering the factors listed above, the Court agrees with Plaintiff that Defendants should be precluded from introducing evidence concerning the name and nature of his convictions for rape and murder. As the Second Circuit has recognized, felony convictions for crimes of violence frequently have considerably lower probative value since they do not generally arise out of dishonest conduct. *See Estrada*, 430 F.3d at 617-18. Given the violent nature of Plaintiff's convictions, the Court finds that the prejudicial harm of revealing Plaintiff's criminal history substantially outweighs any probative value that it would provide.

Based on the foregoing, the Court finds that Plaintiff's criminal history is inadmissible

5

during trial.[1] Although Defendants will not be permitted to inquire about the essential facts of the crimes or their statutory names, Defendants will be permitted to establish that Plaintiff has been convicted of a crime and the date of that conviction.

### IV. CONCLUSION

After carefully reviewing the entire record in this manner, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 69) is **GRANTED** in part and **DENIED** in part without prejudice to renew; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 31, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] The Court notes that Defendants did not oppose this portion of Plaintiff's motion *in limine*.